UNITED STATES DISTRICT COURT

DISTRICT OF MINNESOTA

_____

The Trustees of the Sheet Metal Local #10
Control Board Trust Fund;

      Plaintiffs,

vs.

North Country Fabrication, Inc.,

      Defendant,

_____

Case No. 09-CV-00511 (JNE/FLN)

**REPORT AND RECOMMENDATION**

By assignment from the Honorable Joan N. Ericksen, this matter came before the undersigned United States Magistrate Judge, upon the Plaintiffs Motion for Entry of Judgment. A hearing was held on June 26, 2009. Michael P. Eldridge of McGrann Shea Carnival Straughn & Lamb, Chartered, appeared for and on behalf of the Plaintiffs. There was no appearance on behalf of the Defendant.

**FINDINGS OF FACT**

1. Plaintiffs filed the Summons and Complaint in this matter on March 3, 2009. Defendant was personally served with the Summons and Complaint in this matter on March 5, 2009.

2. Defendant failed to file and serve a response or Answer to the Summons and Complaint.

3. The Clerk entered default on April 2, 2009.

1

4. Plaintiffs are Trustees of the Sheet Metal Local #10 Control Board Trust Fund ("Fund"). The Fund is a multi-employer jointly-trusteed fringe benefit plan created and maintained pursuant to ERISA § 3 (37)(A), 29 U.S.C. § 1002 (37)(A).

5. The Fund is also a clearinghouse for a number of multi-employer fringe benefit plans established to provide pension, health and welfare, vacation, industry and training funds and other benefits for employees pursuant to the terms of various Collective Bargaining Agreements.

6. At all times material herein, Defendant North Country Fabrication, Inc. ("North Country") was bound to a certain Collective Bargaining Agreement between the Commercial Subdivision of the Twin Cities SMARCA and Sheet Metal Workers Local No. 10 ("Collective Bargaining Agreement").

7. SMARCA and Sheet Metal Workers Local No. 10 have not yet ratified a new Collective Bargaining Agreement so the Collective Bargaining Agreement attached as Exhibit A to the Affidavit of Sheila Rice is still in effect.

8. The Collective Bargaining Agreement requires North Country to submit contributions to pension, health and welfare, vacation, industry and training funds in the amount per hour specified in the Collective Bargaining Agreement for each hour worked employees covered by the Collective Bargaining Agreement.

9. The Collective Bargaining Agreement incorporates by reference the Restated Declaration of Trust for the Sheet Metal Local No. 10 Control Board Trust Fund ("Trust Agreement") and states that all contributions shall be paid in accordance with the Trust Agreement.

10. The Collective Bargaining Agreement and Trust Agreement require North Country to set forth the amount due and owing for contributions on a report form to be submitted to the Fund with North Country's monthly payment.

11. The Collective Bargaining Agreement and the Trust Agreement also require North Country to submit the report and payment to the Fund by the tenth day of the following month for which the contributions are due. Any employer whose report and contributions are not received by the Fund within five days after the tenth, or the first working day thereafter, shall be deemed delinquent.

12. North Country breached the terms of the Collective Bargaining Agreement and Trust Agreement by failing to timely submit the reports and contributions for the months of January and February, 2009.

13. Pursuant to the reports untimely submitted by North Country for the months of January and February, 2009, $20,718.94 is due and owing for delinquent contributions.

14. The Collective Bargaining Agreement and the Trust Agreement further state that delinquent employers are subject to a liquidated damages assessment equal to ten percent of the contributions due and owing for the month. However, if the delinquent contributions, together with the liquidated damages assessment, are not received by the Fund on or before the tenth day of the next month, the liquidated damages assessment increases to twenty percent.

15. Liquidated damages of $4,143.79 are due and owing for the months of January and February, 2009.

16. The Collective Bargaining Agreement states that any attorneys' fees incurred in the collection of contributions shall be payable by the delinquent employer. Likewise, the Trust Agreement states that the reasonable costs and attorneys' fees incurred by the Fund in collecting or attempting to collect delinquent contributions shall be paid by the delinquent employer.

17. The Fund incurred attorneys' fees and costs totaling $1,449.49 in pursuing this delinquency.

18. The total amount due and owing for delinquent fringe benefit contributions, liquidated damages, and attorneys' fees and costs for the months of January and February, 2009 is $26,312.22.

## CONCLUSIONS OF LAW

1. North Country is in default and the Fund is entitled to entry of a Money Judgment.

2. North Country owes the Fund $20,718.94 for delinquent fringe benefit contributions for the months of January and February, 2009.

3. North Country owes the Fund $4,143.79 for liquidated damages for the months of January and February, 2009.

4. North Country owes the Fund $1,449.49 for attorneys' fees and costs.

## RECOMMENDATION

**IT IS HEREBY RECOMMENDED:**

1. That Plaintiffs' Motion for Entry of a Default Money Judgment be granted [#10].

2. That judgment, in the amount of $26,312.22 be entered against

Defendant and in favor of Plaintiffs.

3. Upon adoption of this Recommendation, this Court will issue an Order for Entry of Judgment.

Dated: June 26, 2009

BY THE COURT:

*s/ Franklin L. Noel*
The Honorable Franklin L. Noel
United States Magistrate Judge

Pursuant to the Local Rules, any party may object to this Report and Recommendation by filing with the Clerk of Court and serving on all parties, on or before **July 10, 2009**, written objections which specifically identify the portions of the proposed findings or recommendations to which objection is being made, and a brief in support thereof. A party may respond to the objecting party's brief within ten days after service thereof. All briefs filed under the rules shall be limited to 3500 words. A judge shall make a de novo determination of those portions to which objection is made.

Unless the parties are prepared to stipulate that the District Court is not required by 28 U.S.C. § 636 to review a transcript of the hearing in order to resolve all objections made to this Report and Recommendation, the party making the objections shall timely order and cause to be filed by **July 10, 2009,** a complete transcript of the hearing.

This Report and Recommendation does not constitute an order or judgment of the District Court, and it is, therefore, not appealable to the Circuit Court of Appeals.